IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHARON THOMPSON CLEVENGER and **MICHELLE JURENEC**, on behalf of themselves and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>SMCS SERVICES, INC. d/b/a STAR MULTI CARE CO.,<br><br>– and –<br><br>**AMSERV HEALTHCARE OF OHIO, INC. d/b/a CENTRAL STAR HOME HEALTH SERVICES and d/b/a EXTENDED FAMILY CARE OF OHIO**,<br><br>Defendants. | CASE NO. _____<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiffs Sharon Thompson Clevenger and Michelle Jurenec (Plaintiffs) file this Complaint against Defendant SMCS Services, Inc. d/b/a Star Multi Care Co. (Defendant Star Multi Care) and Defendant Amserv Healthcare of Ohio, Inc. d/b/a Central Star Home Health Services and d/b/a Extended Family Care of Ohio (Defendant Amserv) (collectively Defendants), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. (FLSA); Ohio Revised Code (O.R.C.) § 4111.03(D) (Ohio Overtime Law) and § 4113.15 (OPPA), and O.R.C. § 2307.60.[1] The following allegations are based on personal knowledge of Plaintiffs' own conduct, and upon information and belief as to the conduct and acts of others:

---

[1] The Ohio Overtime Law and OPPA will be collective referred to as the Ohio Wage Laws.

1

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violate the FLSA and Ohio law.

2. Plaintiffs bring this case as a collective action on behalf of themselves and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b) (the Opt-Ins).

3. Plaintiffs also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and others like them who worked for Defendants in Ohio and suffered the same harms described below.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

6. The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. At all times relevant, Plaintiffs have been citizens of the United States and jointly employed by Defendants within this district and division. Plaintiffs' written consents to join are attached as **Exhibit A**.

8. Defendant Star Multi Care is a for-profit New York corporation registered to do business in Ohio. "Stare Multi Care Co." is the registered trade name of SMCS Services, Inc. Defendant Star Multi Care can be served through its registered agent: C T Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

9. Defendant Amserv is a for-profit Delaware corporation registered to do business in Ohio. Registered trade names include "Central Star Home Health Services" and "Extended Family Care of Ohio." Defendant Amserv can be served through its registered agent: C T Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

10. Defendants share the Ohio business location of 2003 W. 4th St, Suite 116, Ontario, Ohio 44906 (Richland County).

## FACTUAL ALLEGATIONS

### Defendants as Joint Employers

11. At all times relevant, Defendants were individually and jointly "employers" within the meaning of the FLSA and the Ohio Wage Laws.

12. At all relevant times, Plaintiffs and those similarly situated were "employees" of Defendants.

13. At all relevant times, Defendants individually and jointly comprised an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. Defendants individually and jointly operate as an enterprise providing various home health care services.[2]

---

[2] *See* www.centralstarhomehealth.com/home-health-care-services/ and www.starmulticare.com/home-health-care-services/ (last viewed 11/30/20).

3

15. Defendants share and comingle resources, such as websites and marketing, and share and jointly operate branch locations.[3]

16. Defendants operate branches in New York, Florida, Ohio, and Pennsylvania.[4]

17. Defendants jointly employ Plaintiffs and those similarly situated as hourly, non-exempt employees such as LPNs and aides.

18. Plaintiff Thompson Clevenger worked for Defendants since approximately May 2017, at an hourly rate ranging from approximately $18 to $20.

19. Plaintiff Jurenec worked for Defendants since approximately November 2016, at an hourly rate ranging from approximately $18 to $20.

20. Defendants share operational control over significant aspects of the day-to-day functions of Plaintiffs and others similarly situated, including supervising and controlling schedules and conditions of employment.

21. Defendants share authority to hire, fire and discipline employees, including Plaintiffs and others similarly situated.

22. Defendants share authority to set rates and methods of compensation of Plaintiffs and others similarly situated.

23. Defendants share control and maintenance of employment records.

24. Defendants have mutually benefitted from the work performed by Plaintiffs and others similarly situated.

25. Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiffs and others similarly situated.

---

[3] For example, compare: www.starmulticare.com/contact-us/#branches to www.centralstarhomehealth.com/contact-us/#branches (last viewed 11/30/20).
[4] *Id*.

26. Defendants share the services of Plaintiffs and others similarly situated.

27. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiffs and others similarly situated.

### Unpaid Pre-Shift and Post-Shift Work

28. Defendants require Plaintiffs and others similarly situated to perform shift-change at the start and end of every shift in which another employee is being relieved.

29. Defendants require Plaintiffs and others similarly situated to arrive to work 10 to 15 minutes early to perform shift-change and/or to stay late 10 to 15 minutes early to perform shift change.

30. However, Defendants pay Plaintiffs and others similarly situated only from their shift start time to their shift end time. Defendants to not pay them for the compensable work performed in completing the pre-shift and/or post-shift shift-change.

31. This pre-shift and post-shift unpaid compensable work was necessary, indispensable, integral, and intrinsic to the jobs that Plaintiffs and those similarly situated were hired to do.

32. This unpaid compensable work constituted the first principle and last principle activities of their workday and could not be dispensed with. Plaintiffs and those similarly situated could not perform the rest of their shift-duties without performing the shift-change.

33. Plaintiffs and others similarly situated regularly work more than 40 hours in a workweek.

34. Because Defendants failed to pay Plaintiffs and others similarly situated for compensable pre-shift and post-shift work, Defendants failed to pay them all overtime

compensation earned at a rate of at least one and one-half times their regular rates for hours worked in excess of 40 in a workweek.

35. Further, Defendants failed to make, keep and preserve records of the all hours worked by Plaintiffs and other similarly situated employees, as required by the FLSA and Ohio law.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

37. Plaintiffs bring this case as a "collective action" pursuant to 29 U.S.C. § 216(b) on behalf of the following collective:

> **All present and former full-time hourly employees, including but not limited to, LPNs and aides, who were required to perform shift-change when relieving another employee and/or being relieved by another employee, and that were employed by Defendants during the period three (3) years preceding the commencement of this action through its final disposition ("FLSA Collective")**.

38. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were hourly employees of Defendants, and all were subjected to and injured by Defendants' unlawful practices of failing to pay them all overtime hours worked.

39. The FLSA Collective Members have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

40. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

41. Plaintiffs cannot yet state the exact number of similarly situated persons but estimates approximately 100 or more similarly situated employees during the relevant time period.

Such persons are readily identifiable through the payroll records that Defendants are presumed to have maintained and were required to maintain pursuant to the FLSA and Ohio law.

42. To the extent Defendants failed to keep records as required by law, Plaintiffs and those similarly situated are entitled to a reasonable estimate of hours worked.

### OHIO RULE 23 CLASS ACTION ALLEGATIONS

43. Plaintiffs further bring this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of themselves and the following class:

> **All present and former full-time hourly employees, including but not limited to, LPNs and aides, who were required to perform shift-change when relieving another employee and/or being relieved by another employee, and that were employed by Defendants during the period two (2) years preceding the commencement of this action through its final disposition ("Ohio Class").**

44. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiffs is unable to state the exact size of the potential Ohio Class, which will be in Defendants' records if kept, but estimates that it is approximately at least 100 individuals within the relevant time period.

45. There are questions of law or fact common to the Ohio Class including: whether Defendants failed to pay them for all hours worked, whether such unpaid hours resulted in unpaid overtime, and whether such overtime remains unpaid.

46. Plaintiffs will adequately protect the interests of the Ohio Class Members. Their interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class Members. Plaintiffs' counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

47. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine

Defendants' liability to the class are common to each class as a whole and predominate over any questions affecting only individual class members.

48. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Violations of the FLSA)

49. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

50. Plaintiffs bring this claim for violation of the FLSA's overtime provisions on behalf of themselves and the Opt-Ins who will join this case pursuant to 29 U.S.C. § 216(b).

51. Defendants are covered by the FLSA and the FLSA Collective Members are not exempt from the protections of the FLSA.

52. Under the continuous workday rule, employees must be paid for all hours worked starting with their first principle activity and ending with their last principle activity of the workday.

53. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

54. Defendants have a companywide policy of not paying the FLSA Collective Members for pre-shift and/or post-shift compensable work and instead only paying them from the

shift start and end times, which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

55. Defendants knew or should have known that their conduct described herein violated the law. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

56. As a result of Defendants' individual and joint violations of the FLSA, Plaintiffs and those similarly situated were injured in that they did not receive all overtime compensation due to them. Section 16(b) of the FLSA entitles them to an award of unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorney's fee, and costs.

57. As a result of Defendants' practices, Plaintiffs and the FLSA Collective Members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (Ohio Overtime and OPPA - Class Violations)

58. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

59. Defendants are individual and joint "employers" covered by the overtime requirements set forth in the Ohio Wage Laws.

60. Under the continuous workday rule, employees must be paid for all hours worked starting with their first principle activity and ending with their last principle activity of the workday.

61. The Ohio Overtime Law requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

62. As employees of Defendants, Plaintiffs and the Ohio Class Members work or worked more than 40 hours in a workweek but were not paid all overtime compensation earned for hours worked in excess of 40.

63. Defendants had a companywide policy of not paying the Ohio Class Members for pre-shift and/or post-shift compensable work and instead only paying them from the shift start and end times, which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

64. Plaintiffs and the Ohio Class Members are not exempt under the Ohio Wage Laws.

65. Defendants' practice and policy of not paying Plaintiffs and the Ohio Class Members all overtime compensation earned at one and one-half times their regular rate of pay violated the Ohio Overtime Law.

66. Additionally, the OPPA requires Defendants to pay Plaintiffs and the Ohio Class Members all wages, including overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

67. During relevant times, Plaintiffs and the Ohio Class Members were not paid all overtime wages earned within 30 days of performing the work. *See* O.R.C. § 4113.15(B).

68. Plaintiffs' and the Ohio Class Members' earned overtime compensation remains unpaid for more than 30 days beyond their regularly scheduled payday.

69. The OPPA provides for liquidated damages in an amount equal to six percent (6%) of the amount of the claim still unpaid or two hundred dollars per pay period, whichever is greater.

70. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated provisions of the Ohio Wage Laws.

71. As a result of Defendants' practices, Plaintiffs and the Ohio Class members have been harmed in that they have not received wages due to them pursuant to the Ohio Wage Laws; and because wages remain unpaid, damages continue.

72. Pursuant to Ohio law, Plaintiffs are entitled to attorneys' fees and costs incurred.

## COUNT THREE
### (Damages Pursuant to O.R.C. § 2307.60 - Class Violations)

73. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

74. As a result of Defendants' practices and policies, Plaintiffs and the Ohio Class Members have been harmed in that they have not received wages due to them pursuant to the Ohio Overtime Law.

75. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

76. By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiffs and the Ohio Class have been injured as a result.

77. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

78. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the Ohio Class Members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Conditionally certify this case as a "collective action" pursuant to 29 U.S.C. §216(b), and direct that Court-approved notice be issued to similarly situated individuals informing them of this action and enabling them to opt-in;

B. Certify the Ohio Class pursuant to Fed. R. Civ. P. 23;

C. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members;

D. Award Plaintiffs, and the collective and class they represent, actual damages for unpaid wages, and liquidated, exemplary, and punitive damages as provided under the FLSA and Ohio law;

E. Award Plaintiffs, and the collective and class they represent, pre-judgment and/or post-judgment interest at the statutory rate;

F. Award Plaintiffs, and the collective and class they represent, attorneys' fees, costs, and disbursements; and

G. Award Plaintiffs, and the collective and class they represent, further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
        sdraher@ohlaborlaw.com

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

*/s/ Robi J. Baishnab*
*Counsel for Plaintiffs*
