IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHARON THOMPSON CLEVENGER, *et al.*, on behalf of themselves and all others similarly situated, | ) ) ) Case No. 1:20-cv-2677 |
| Plaintiffs, | ) ) Chief Judge Patricia A. Gaughan ) ) |
| v. | ) ) |
| SMCS SERVICES, INC. d/b/a STAR MULTI CARE CO., *et al.*, | ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE**

Plaintiffs Sharon Thompson Clevenger and Michelle Jurenec ("Plaintiffs") respectfully moves this Court to enter an order pursuant to Section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b):

(a) conditionally certifying this case as a FLSA collective action under 29 U.S.C. §216(b) against Defendants SMCS Services, Inc. d/b/a Star Multi Care Co., Amserv Healthcare of Ohio, Inc. d/b/a Central Star Home Health Services and d/b/a Extended Family Care of Ohio, Star Multi Care Holding Corp., and Stephen Sternbach (collectively, "Defendants") on behalf of Plaintiffs and others similarly situated;

(b) directing that notice be sent by United States mail and email to all present and former full-time hourly homecare providers, including but not limited to, LPNs and aides, employed by Defendants in Ohio from December 1, 2017 to the present;[1]

---

[1] Plaintiffs Thompson Clevenger and Jurenec seek a narrower class than what was pled in their First Amended Complaint. (*See* ECF No. 12 at ¶ 58). Plaintiffs will be seeking leave to file a Second Amended Complaint to reflect the narrower class that is sought in this Motion.

(c) directing the parties to jointly submit within 14 days a proposed Notice informing such present and former employees of the pendency of this collective action and permitting them to opt into the case by signing and submitting a Consent to Join Form;

(d) directing Defendants to provide within 14 days a Roster of such present and former employees that includes their full names, their dates of employment, and their last known home addresses and personal email addresses;

(e) directing that the Notice, in the form approved by the Court, be sent within 14 days of receipt of the Roster to such present and former employees using the home and email addresses listed in the Roster;

(f) directing Defendants to provide a Declaration that the produced Roster fully complies with the Court's Order; and,

(g) providing that duplicate copies of the Notice may be sent in the event new, updated, or corrected mailing addresses or email addresses are found for one or more of such present or former employees.

A Memorandum in Support of this Motion, as well as supporting evidentiary exhibits, are attached.

        Respectfully submitted,

        **NILGES DRAHER LLC**

        */s/ Robi J. Baishnab*
        Robi J. Baishnab (0086195)
        34 N. High St., Ste. 502
        Columbus, OH 43215
        Telephone: 614-824-5770
        Facsimile: 330-754-1430
        Email: rbaishnab@ohlaborlaw.com

        Hans A. Nilges (0076017)
        Shannon M. Draher (0074304)
        7266 Portage St., N.W.
        Suite D
        Massillon, Ohio 44646
        Telephone: 330-470-4428
        Facsimile: 330-754-1430
        Email: hans@ohlaborlaw.com
                sdraher@ohlaborlaw.com

        *Counsel for Plaintiffs*

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE

Plaintiffs respectfully request that this Court grant conditional certification under 29 U.S.C. § 216(b) and order the issuance of notice to similarly situated persons, enabling them to opt-in to this lawsuit pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiffs and other members of the purported class (the "Class Members") are or were hourly employees who worked 40 or more hours in a workweek, but were not paid all overtime compensation earned as a result of Defendants not paying Plaintiffs and the Class Members for compensable pre- and/or post-shift work.

Defendants' practices and policies of not paying Plaintiffs and those similarly situated for all compensable work resulted in unpaid overtime in violation of the FLSA. Accordingly, Plaintiffs request conditional certification of the following Class:

> **All present and former full-time hourly homecare providers, including but not limited to, LPNs and aides, employed by Defendants in Ohio from December 1, 2017 to the present.**

### I.    STATEMENT OF FACTS

#### A.    Unpaid Shift Change

Plaintiffs and the Class Members were employed by Defendants as hourly, non-exempt employees, such as LPNs and aides.[2] Defendants require Plaintiffs and the Class Members to perform shift-change before and after every shift in which another employee is being relieved. This is called getting and giving "report." Arriving early is important for "good report" because

---

[2] The term "aides" includes STNAs, CNAs, HHAs, and the like. *See e.g.* ECF No. 12 at PageID #: 65, ¶¶ 14-15; and Declarations of Sharon Thompson Clevenger and Michelle Jurenec (Declarations) at ¶ 2, *attached as* **Exhibit 1**. Defendants admitted that 100 or more LPNs and home health aides, including Plaintiffs, were employed by Defendant Amserv Healthcare of Ohio, Inc. and that the Class Members are not exempt from the protections of the FLSA (*See* Defendants' Answer to Plaintiffs' Original Complaint (ECF No. 10 at PageID #: 46-49, ¶¶ 18-19, 41, and 51). Plaintiffs do not concede that Defendants are not joint employers.

the oncoming shift has to know what occurred on the preceding shift, such as whether the client ate, whether hygiene needs were completed, whether laundry was done, and any other tasks that would need to be completed during the incoming shift.[3]

This compensable work activity constitutes Plaintiffs' and the Class Members' first and last principle activities. Giving and receiving report is an important and regular duty of most anyone who provides home health care. Giving and receiving report is part of the jobs Plaintiffs and the Class Members were hired to do. Nearly all home care providers know that it is part of the job, and Plaintiffs and the Class Members understand that home care providers cannot effectively complete their shifts unless good report is exchanged. If the incoming home care provider does not arrive early, the outgoing provider must stay late so that good report is completed.[4]

In order for good report to take place, Plaintiffs and the Class Members have to arrive to work 10 to 15 minutes early and/or to stay late 10 to 15 minutes to adequately perform shift change. In fact, Defendants' Administrator, Deb Mosier, held a meeting explaining the importance of good report, instructing staff to arrive 10 to 15 minutes early and stay late, if necessary, so that good report could take place. Deb Mosier is the Administrator for Ohio, which is headquartered in Ontario, Ohio, and her authority extends over all of Defendants' Ohio home care providers.[5]

Plaintiff Jurenec specifically asked whether the additional work time should be put onto the time sheets, to which Deb Mosier explained that only the shift start and shift end times were to be written on the time sheets.[6] Plaintiffs and the Class Members were therefore paid only from

---

[3] ECF No. 12 at PageID #: 68, ¶ 34; Declarations at ¶ 3.

[4] *See e.g.* ECF No. 12 at PageID #: 68, ¶¶ 37-38; Declarations at ¶ 4.

[5] Declarations at ¶ 5.

[6] ECF No. 12 at PageID #: 68, ¶ 35; Jurenec Decl. at ¶ 5.

2

their shift start and shift end times, and not paid for the time spent receiving or giving report.[7]

### B. Unpaid Overtime

Plaintiffs and the Class Members work or worked 40 or more hours during workweeks in the relevant time period from December 1, 2017 to the present.[8] Defendants knew, or should have known, that Plaintiffs and the Class Members were not getting paid for receiving or giving report.[9] Accordingly, any unpaid pre-shift and post-shift work time resulted in unpaid overtime in violation of the FLSA.

## II. LAW AND ARGUMENT

### A. Plaintiffs Have Only a "Fairly Lenient" Burden That is Easily Met and "Typically Results in Conditional Certification."

The Sixth Circuit has observed that "[d]istrict courts use a 'fairly lenient standard' that 'typically results in conditional certification'" under Section 16(b) of the FLSA.[10] This is both an appropriate standard and result, as the sole effect of this early "conditional" certification is to provide notice to potentially similarly situated employees enabling them to opt-in to the case.[11]

For conditional certification, courts use a two-tier or two-phase inquiry. At the first "notice" stage "[t]he plaintiff must show only that his [or her] position is similar, not identical, to the positions held by the putative class members."[12] Plaintiffs can meet their "fairly lenient" burden

---

[7] ECF No. 12 at PageID #: 68, ¶ 36; Declarations at ¶ 6.

[8] ECF No. 12 at PageID #: 68 and 70, ¶¶ 39-40 and 48; Declarations at ¶ 8.

[9] ECF No. 12 at PageID #: 74, ¶ 76; Declarations at ¶ 9.

[10] *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012); *see also*, *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006).

[11] *Genesis v. Symczyk*, 133 S.Ct. 1523, 1530 (2013); *see also*, *Hicks v. Ampacet Ohio, LLC*, 2017 U.S. Dist. LEXIS 49632 at *14-15 (S.D. Ohio, March 31, 2017).

[12] *Comer*, 454 F.3d at 546-47.

by making a "modest factual showing" to the Court that they and the putative Class Members were subjected to a single decision, policy, or plan.[13] In fact, Plaintiffs' burden can be met simply by showing the Court that their claims, and the claims of the putative Class, are "unified by common theories of defendant's statutory violations."[14]

At the notice stage the Court does not determine any substantive issues, address merits of the case, consider defenses, or resolve factual disputes.[15] Neither does the Court consider the manageability of a certified collective or whether certain issues will predominate, which are better left for the second stage of conditional certification.[16] The Court need only determine that the Plaintiffs have submitted some evidence to show at least a "colorable basis" for their claims that a class of substantially similar employees may exist.[17] And, they can establish this "colorable basis" even if the proofs of the unified theories are individualized and distinct.[18] Even when some discovery has occurred, "Plaintiffs need not have moved the ball far down the field," and need only show "some progress as a result of the discovery as measured against the original allegations and defenses."[19]

---

[13] *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 585 (6th Cir. 2009); *Bauer v. Transtar Indus.*, No. 1:15 CV 2602, 2016 U.S. Dist. LEXIS 48364, at *4 (N.D. Ohio Apr. 11, 2016) (C.J. Gaughan) (further citation omitted).

[14] *O'Brien*, 575 F.3d at 585; *Bauer*, 2016 U.S. Dist. LEXIS 48364, *8-9.

[15] *Comer*, 454 F.3d at 546; *Bauer*, 2016 U.S. Dist. LEXIS 48364, *5.
[16] *Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 828 (N.D. Ohio 2011).

[17] *Osman v. Grube, Inc.*, No. 16-cv-802, 2017 U.S. Dist. LEXIS 105276, at *16 (N.D. Ohio July 7, 2017) (further citation omitted).

[18] *Comer*, 454 F.3d at 546-547; *Waggoner v. U.S. Bancorp*, 110 F. Supp.3d 759, 767 (N.D. Ohio 2015); and *Bauer*, 2016 U.S. Dist. LEXIS 48364, *8-9 (citing *O'Brien*, 575 F.3d at 585).

[19] *Creely*, 789 F. Supp. 2d at 827.

Since the notice will be administered and paid for solely by Plaintiffs, the only thing that Defendants will have to do is provide undersigned counsel with a list of names and contact information for the Class Members. Defendants can therefore claim no prejudice by notice being issued. The prejudice of not issuing notice, however, falls heavily on the Class Members. This is because, unlike cases brought under Rule 23, the Class Members' statutes of limitation continue to run until they affirmatively opt-in to this lawsuit.[20] Most of the putative Class will, of course, not likely take that action (or even know how to do so) unless they are notified that this lawsuit exists.

### B. Plaintiffs Have Established That a Similarly Situated Class Exists.

Plaintiffs have exceeded their "fairly lenient" burden of proffering a "modest factual showing" that a potentially similarly situated class exists. They have advanced evidence showing that their claims and those of the Class Members "are unified by common theories of defendant's statutory violations."

"[C]onditional certification does not depend on the number of declarations alone, but whether the evidence submitted (including the declarations) is sufficient for plaintiffs to meet their burden."[21] Indeed, "[a] court can conditionally certify a collective action under the FLSA on the strength of a single affidavit or declaration if that document sets forth sufficient facts from which the court may reasonably infer the existence of other employees who were subject to the same

---

[20] *Comer*, 454 F.3d at 546; *Waggoner,* 110 F.Supp. 3d at 772 ("[C]ondtionally certifying the collective nationwide will promote judicial economy and provide early notice to those potential opt-in class members, whose rights are time-sensitive").

[21] *Hall v. Gannett Co.*, 2021 U.S. Dist. LEXIS 12216, *12, 2021 WL 231310 (W.D. Ky. January 22, 2021) (further citation omitted).

wage and work hours policy as plaintiff."[22]

Plaintiffs here seek conditional certification of only a single location in Ohio. Courts, including this Court, have granted similar and broader classes based on comparable or even fewer supporting declarations.[23]

Plaintiffs submit their Declarations, sworn under penalty of perjury, identifying with specificity that the unpaid work is compensable, that Defendants' Ohio Administrator expressed Defendants' policy of requiring arriving early or staying late to properly complete shift change.

Plaintiffs have established that the putative Class Members are "similarly situated" for purposes of conditional certification pursuant to § 216(b). They also established that they and others like them worked 40 or more hours during workweeks since December 1, 2017, that compensable work was unpaid, and that such non-payment resulted in unpaid overtime.[24]

Because Plaintiffs and the Class Members have been subjected to a class-wide policy resulting in unpaid overtime in violation of the FLSA, the Court should conditionally certify the proposed class and permit notice to issue informing absent class members of their right to join this lawsuit.

---

[22] *Cook v. Brewster Cheese Co.*, 2020 U.S. Dist. LEXIS 184177, *14 (N.D. Ohio October 5, 2020) (further citation omitted).

[23] *See e.g., Bauer*, 2016 U.S. Dist. LEXIS 48364, at *8 (conditional certification of a national class of inside sales representatives, with different pay structures, based only on one California and two Ohio declarations); *Crace v. Viking Group*, 2021 U.S. Dist. LEXIS 36129, *14-16 (S.D. Ohio February 26, 2021) (conditional certification based on one declaration for 19 locations) (citing *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2017 WL 3500411, at *4 (S.D. Ohio Aug. 15, 2017) (conditionally certifying class of pizza delivery drivers based on the plaintiff's recollection of supervisor statements that delivery drivers were similarly compensated and the plaintiff's observations of how his fellow delivery drivers spent their shifts); and *Murton v. Measurecomp, LLC*, 2008 U.S. Dist. LEXIS 108060, at *3-4, 10 (N.D. Ohio June 9, 2008) (conditional certification where declarations submitted came from only plaintiff and one opt-in).

[24] *Id*. at ¶¶ 8-11.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court conditionally certify this case as a FLSA collective action under 29 U.S.C. §216(b); direct that notice be sent as requested above, direct the parties to jointly submit a proposed Notice within 14 days, direct Defendants to provide a Roster within 14 days, direct that the Notice be sent within 14 days of receipt of the Roster, direct Defendants to provide a Declaration that the produced Roster fully complies with the Court's Order, and provide that duplicate copies of the Notice when necessary, as outlined above.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone:   614-824-5770
Facsimile:   330-754-1430
Email:   rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage St., N.W.
Suite D
Massillon, Ohio 44646
Telephone:   330-470-4428
Facsimile:   330-754-1430
Email:   hans@ohlaborlaw.com
         sdraher@ohlaborlaw.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 19, 2021, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                            */s/ Robi J. Baishnab*
                                            Robi J. Baishnab

                                            *Counsel for Plaintiffs*